Saturday, July the litó. The President pronounced the following as the unanimous opinion of the Court, “ That it does not'appear from the evidence or circum- “ stances in this cause that any fraud or imposition was “ practised, or compulsion of any sort used by the appel- “ lánt in obtaining the deed of gift in the bill mentioned “ from Mary Robinson, who was his aunt, for conveying “ to him all her right and title in and to the appellees who “ were then her own proper slaves, but that on the con- “ trary, the said.deed was made by her own free will and “ consent, for the consideration therein mentioned, on the “ seventeenth day of April 1802, and .that no fraud was “ meditated by him in filling up the blank left for the date *403 4i of the said deed, after the same had been signed, sealed, <£ and delivered by her to him in presence of witnesses, ■“ the date of the said deed not being a material part there- “ of, as it would have been good and sufficient to convey “ the said slaves without any date inserted therein, and “ might have been inconsiderately filled up by him, “ and that as lie was and is fairly entitled to the said “ slaves under the said deed and the repeated previous “ declarations of the said Mary, that she had given him “ the said slaves, fully proved by the depositions of sundry “ witnesses taken in this cause, she had no right or pow- “ er to emancipate them by her will made after the exe- “ cution of the said deed : that the decree of the Superiour “ Court of Chancery adjudging and decreeing the deed “ aforesaid to be set aside as void, and the injunction to “ restrain the appellant from exercising any acts of own- “ ership over the appellees or otherwise intermeddling “ with them, to be perpetual, is erroneous: that, an ac- “ count should be made up and settled, by or before per- “ sons tobe appointed by an order of the Court of Chan- “ eery for that purpose, of the hire and maintenance of the “ appellees by the Sheriff or Sheriff’s of Norfolk, to whose “ care they were committed by the several orders of the “ county Court of Norfolk, the Superiour Court of Cban- “ eery aforesaid, and of this Court; and, if the hire ex- “ ceeds the maintenance and expenses of the appellees, the “ overplush to be paid by the Sheriff or Sheriffs to the ap- “ pellant; but, if the hire should be found deficient, then “ the deficiency to be paid by the appellant to the Sheriff’ w having custody of the appellees who is, thereupon, or “ upon receiving sufficient security to he approved of by “ the said Superiour Court of Chancery, to deliver the ap-u pellees to him as his proper slaves ; therefore it is dc- “ creed and ordered that the decree aforesaid be reversed “ and annulled, that the said Court of Chancery do direct c‘ an account of the hire and expenses to be made, of which “ the appellant is to have notice; and, on payment made, “ or security given, as above directed, for any deficiency “ which may, on settlement of the account, appear to be “ due to the Sheriffs, that the injunction be dissolved, and “ that the appellees be delivered to the appellant as his tE proper slaves, and that the bill of the apr: fleca be di«-u missed.”